UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------
AMIR J. GOLDSTEIN

|  |  |
|---|---|
| Plaintiff, | ECF CASE |
|  | 09 CV 529 |
|  | Judge Kaplan |

       -against-

GC SERVICES LIMITED PARTNERSHIP

                    Defendant.
-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of GC Services Limited Partnership

   concerning the collection of debts, in violation of the Fair Debt Collection

   Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the

   FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a

   consumer debt.

4. Upon information and belief, GC Services Limited Partnership is a foreign

   corporation.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly

   owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

   1692(a)(6).

### *Jurisdiction and Venue*

7.      This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28

U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

transactions that give rise to this action occurred, in substantial part, in this

district. Venue is also proper in this district since the defendant transacts business

in this district and the collection letter was sent into this district.

### *Allegations Particular to Amir J. Goldstein*

9.      On information and belief, on a date better known by defendant, defendant began

attempting to collect an alleged consumer debt from the plaintiff.

10.     On or about October 29, 2008, one of the defendant's collection representatives

left a message for the plaintiff.

11.     Said message was left on the plaintiff's answering machine by a Ms. Jones.

12.     Ms. Jones stated substantially as follows: "This is a messasge for Amir J.

Goldstein.  This is Ms. Jones.  You need to return my call immediately.  Ms.

Jones at 888 336 9808 x2277 to call back immediately."

13.     Said message failed to state that the communication was from a debt collector.

14.     Plaintiff received approximately three additional messages with substantially the

same text.

15.     The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§§ 1692e(11) and 1692e(10)  for failing to set forth the required statutory language and

for engaging in deceptive practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

16.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if set forth fully in this Cause of Action.

17.     This cause of action is brought on behalf of plaintiff and the members of a class.

18.     The Class consists of consumers who were left a telephone message concerning a consumer debt without having been informed that the communication was from a debt collector.

19.     The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692e(11) and 1692e(10).

20.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that telephonic messages (and the lack of an initial written communication) are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

21.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22.  If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23.  Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

24.    The actions of the defendant violate the Fair Debt Collection Practices Act.

25.     Because the defendant violated of the Fair Debt Collection Practices Act, the

plaintiff and the members of the class are entitled to damages in accordance with the Fair

Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on

behalf of the members of the class, and against the defendant and award damages as follows:

      (a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

      (b)     Attorney fees, litigation expenses and costs incurred in bringing

          this action; and

      (c)     Any other relief that this Court deems appropriate and just under

          the circumstances.


      Dated: Cedarhurst, New York
           January 15, 2008


_____

      Adam J. Fishbein, P.C.  (AF-9508)
       Attorney At Law
        **Attorney for the Plaintiff**
        483 Chestnut Street
         Cedarhurst, New York 11516
          Telephone (516) 791-4400
           Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.


_____

      Adam J. Fishbein  (AF-9508)


5